FILED
CLERK
4/18/2016 4:49 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARY PISCITELLO,

                Plaintiff,

  -against-

JOHN F. GIANNETTI, BERKMAN, HENOCH,
PETERSON, PEDDY & FENCHEL, P.C.,
TD BANK, THOMAS WEISS, ESQ., NASSAU
COUNTY SHERRIFF'S DEPARTMENT,
STATE OF NEW YORK, and NASSAU
COUNTY DISTRICT COURT,

                Defendants.
----------------------------------------------------------X

**ORDER**
15-CV-3989 (SJF)(ARL)

FEUERSTEIN, J.

    *Pro se* plaintiff Mary Piscitello ("Plaintiff" or "Piscitello") filed a complaint alleging that defendants committed and/or aided and abetted fraud, negligently injured her, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), and violated her constitutional rights in connection with her eviction from real property located in Bayville, New York. Before the Court are: (1) a motion by defendant Nassau County Sheriff's Department ("Sheriff's Department") to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 35); (2) a motion by defendant TD Bank, N.A. ("TD Bank") to dismiss the complaint pursuant to Rules 8 and 12(b)(6) (Dkt. 57); (3) a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) filed by defendants State of New York and Nassau County District Court (together, the "State Defendants") (Dkt. 60); (4) Plaintiff's motion for default judgment against defendant John F. Giannetti ("John") pursuant to Rule 55(b) (Dkt. 68); (5) Plaintiff's motion for default judgment against defendant Thomas Weiss, Esq. ("Weiss")

pursuant to Rule 55(b) (Dkt. 69); (6) a motion by defendant Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. ("BHPPF") to dismiss the complaint pursuant to Rules 12(b)(6), 9(b), 8(a) and (d), and 10(b) (Dkt. 71); (7) defendant Weiss's motion to vacate the Clerk's certificate of default entered on September 23, 2015 (Dkt. 52) pursuant to Rules 55(c) (Dkt. 74)[1]; and (8) Plaintiff's "motion for nihil dicit judgment" (default judgment) (Dkt. 81).[2]  For the following reasons, (i) Plaintiff's complaint is dismissed in its entirety with prejudice, (ii) Plaintiff's motions for default judgment are denied, and (iii) defendant Weiss's motion to vacate the Clerk's certificate of default against him is denied as moot.

## I. BACKGROUND [3]

In July 2013, Plaintiff entered into an agreement with non-party Thomas Giannetti ("Thomas"), defendant John's brother, to lease the first floor of a house located at 2 Saltaire Lane, Bayville, New York 11709 (the "Property") on a month-to-month basis for one thousand, four hundred dollars ($1,400) per month; she began occupying the Property in September 2013. (Compl. ¶¶ 4, 32-33, Ex. 5).  Thomas, who resided at the Property and maintained and repaired it, held himself out to be the landlord.  (*Id.* ¶ 4, 34, 36, Ex. 5).

---

[1] Weiss also purports to move to vacate the certificate of default pursuant to Rule 60(b), under which a "court may relieve a party … from a final judgment…" Fed. R. Civ. P. 60(b).  Because the Court has not entered any default judgment against Weiss, Rule 60(b) is inapplicable.

[2] "Nihil dicit judgment" is an antiquated term for default judgment, which is governed by Rule 55. Plaintiff's arguments are not clear, but it appears that Plaintiff seeks default judgment against all defendants despite the fact that all but John and Weiss have appeared and responded to her complaint in a timely fashion.

[3] The facts set forth herein are derived from Plaintiff's complaint, the exhibits thereto, and various documents filed in relevant state court proceedings that are annexed to or referenced in Plaintiff's complaint and/or defendants' motion papers, of which the Court takes judicial notice.  *See, e.g.*, *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, … not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings.").

On January 27, 2014, Thomas filed a complaint against defendant John and non-party Kevin Giannetti in the Supreme Court of the State of New York, County of Nassau ("Nassau County Supreme Court"), alleging that John had acquired title to the Property from their uncle under false pretenses, and seeking, among other things, to impose a constructive trust on the Property (the "Constructive Trust Action").[4] (*Id.* ¶¶ 7, 36-37; Declaration of Daniel J. Evers in Support of BHPPF's Motion to Dismiss, dated September 21, 2015 ("Evers Decl.") (Dkt. 71-3), Ex. D, E). Defendant Weiss represented John in connection with the Constructive Trust Action until defendant BHPPF was substituted as counsel for John in June 2014. (Compl. ¶ 19; Evers Decl. Ex. Q).

On March 26, 2014, John filed a holdover petition against Thomas in the District Court of Nassau County, First District: Hempstead Housing Part ("Nassau County District Court"), seeking a warrant of eviction to remove Thomas from the Property's top floor based upon the allegations that (i) John owned the Property and was entitled to immediate possession of the top floor, (ii) Thomas had been given a license to occupy the top floor, and (iii) Thomas' license had been revoked on March 17, 2014 (the "Thomas Eviction Action").[5] (Evers Decl., Ex. L at 1-6). Defendant Weiss had also represented John in connection with the Thomas Eviction Action. (*Id.* at 6).

In May 2014, Thomas informed Plaintiff about the Constructive Trust Action. (Compl. ¶ 40). On May 14, 2014, the Honorable Jeffrey S. Brown, the Nassau County Supreme Court Justice presiding over the Constructive Trust Action, issued an order that, among other things,

---

[4] The caption of the Constructive Trust Action is *Thomas J. Feeney, Thomas Giannetti and Michael Giannetti v. John F. Giannetti and Kevin Giannetti*, Index No. 967/2014.

[5] The caption of the Thomas Eviction Action is *John F. Giannetti v. Thomas Giannetti, 2 Saltaire Lane, All Rooms, Top Floor, Bayville, New York, 11709*, Index No. LT-1643-14.

3

stayed the Thomas Eviction Action pending a final determination of the Constructive Trust Action. (*Id.* ¶ 41, Ex. 1; Evers Decl. Ex. F at 6). On the same day that Judge Brown stayed the Thomas Eviction Action, John filed a separate landlord-tenant holdover petition against "'John Doe' and/or 'Jane Doe'" in Nassau County District Court, seeking a warrant of eviction to remove "John Doe" and/or "Jane Doe" from the Property's main floor and basement (*i.e.*, Piscitello's apartment) (the "Piscitello Eviction Action").[6] (Compl. ¶ 5, Ex. 3). In this petition, John alleged that (i) John owned the Property and was entitled to immediate possession of the premises, (ii) tenants "John Doe" and/or "Jane Doe" were in possession of the premises pursuant to a month-to-month tenancy agreement they had entered with John, as landlord, on August 1, 2013, and (iii) the tenancy had been terminated effective April 30, 2014 by service of a thirty (30)-day notice of termination. (*Id.* ¶ 5, Ex. 3).

Defendant Weiss represented John in connection with the Piscitello Eviction Action. (*Id.* ¶ 5, Ex. 3 at 3). Despite the fact that defendants John and Weiss filed a process server's affidavit stating that notice of the eviction hearing was served by affixing a copy to the Property's front door and sending a copy by certified mail (*id.*, Ex. 3), Plaintiff did not respond and contends that she defaulted in the Piscitello Eviction Action because John failed to serve her with notice of the hearing. (*Id.* ¶ 44). Plaintiff also contends that the papers that defendants John and Weiss filed in the Piscitello Eviction Action were fraudulent because (i) defendant John was not the owner of the Property, as represented in the holdover petition, (ii) Piscitello did not receive notice of termination of the lease, as represented in the holdover petition, and (iii) the holdover petition

---

[6] The caption of the Piscitello Eviction Action is *John F. Giannetti v. "John Doe", and/or "Jane Doe", 2 Saltaire Lane, All Rooms, Main floor and Basement, Bayville, New York 11709*, Index No. LT-002609-14.

4

named "'John Doe' and/or 'Jane Doe'" as respondents-tenants rather than Piscitello. (*Id*. ¶¶ 5-6, 9).

On June 25, 2014, Nassau County District Court Judge Eric Bjorneby issued a warrant of eviction commanding defendant Sheriff's Department to remove "John Doe" and "Jane Doe" from the main floor and basement of the Property. (*Id.* ¶ 44, Ex. 6). On August 19, 2014, defendant Sheriff's Department evicted Plaintiff from the Property. (*Id.* ¶ 45). On August 20, 2014, Plaintiff filed an affidavit in the Constructive Trust Action pending in the Nassau County Supreme Court, to which she was not a party, seeking a temporary restraining order that would vacate and enjoin further execution of Judge Bjorneby's warrant of eviction (*id.*, Ex 4; Evers Decl., Ex. R), and she appeared before Justice Jerome Murphy the same day for a hearing on that application. (Evers Decl., Ex. N). Defendant BHPPF appeared at this hearing on behalf of John to argue that the Nassau County Supreme Court lacked jurisdiction to vacate Judge Bjorneby's warrant of eviction. (Compl. ¶¶ 47-48; Evers Decl., Ex. N at 2:17-3:02). Justice Murphy concluded that he lacked jurisdiction to vacate Judge Bjorneby's warrant and advised Piscitello to move to vacate Judge Bjorneby's warrant in the Nassau County District Court or initiate a separate proceeding against John with the assistance of the Legal Aid Society. (Compl. ¶ 47; Evers Decl., Ex. N at 10:17-11:23, 12:7-13:21, 14:19-17:16).

On August 29, 2014, Plaintiff, represented by counsel, moved to vacate the warrant of eviction in the Nassau County District Court. (Compl. ¶ 50; Evers Decl., Ex. S). On September 12, 2014, Judge Bjorneby granted Piscitello's motion to vacate the default judgment and directed the parties to appear again on September 24. (Compl. ¶ 50; Evers Decl., Ex. T). It is not clear how the Piscitello Eviction Action progressed, or whether Plaintiff ultimately retook possession of the first floor of the Property. However, Plaintiff alleges that the eviction caused her to be

homeless and without her belongings for three (3) weeks, to incur costs retrieving her personal property, which was allegedly damaged in the process, and to lose her job of eleven (11) years. (Compl. ¶¶ 4, 14, 16, 45).

Finally, Plaintiff alleges that in March and April 2014, defendant John applied for and received a two hundred thousand dollar ($200,000) line of credit secured by the Property from defendant TD Bank. (Compl. ¶ 39, Ex. 2). In his application materials, John represented that he owned the Property and that it was his primary residence. (Compl. ¶ 39, Ex. 2).

Plaintiff alleges that the defendants have (i) committed fraud and/or aided and abetted fraud; (ii) negligently injured her; (iii) violated RICO; (iv) violated a variety of her constitutional rights in contravention of 42 U.S.C. § 1983; and (v) conspired to violate a variety of her constitutional rights in contravention of 42 U.S.C. § 1985. (Compl. ¶¶ 20, 54-56, 61-63, 65-76).

## II. DISCUSSION

### A. Legal Standards

#### 1. Rule 12(b)(1)

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (internal quotations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal citations omitted). "While the court must generally take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, … jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting

it." *Kim v. Korea Trade Promotion-Investment Agency*, 51 F. Supp. 3d 279, 283 (2d Cir. 2014) (internal quotations omitted).

### 2. Rule 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), district courts "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] complaint is not required to have 'detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). While a "*pro se* complaint is to be read liberally," and generally "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo*, 579 F.3d at 183 (internal quotations omitted), a court may dismiss a *pro se* plaintiff's first complaint with prejudice where it is "frivolous and leaves no doubt that plaintiff cannot allege facts sufficient to state a claim." *Coleman*, 154 Fed. App'x 250, 251 (2d Cir. 2005).

### B. Plaintiff's Claims against the State Defendants

The State Defendants argue that Plaintiff's claims against them must be dismissed for lack of subject matter jurisdiction because both the State of New York and the Nassau County District Court are immune from suit under the Eleventh Amendment. (*See* State Def's Mem. (Dkt. 61) at 5-6).

7

The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. "Although the [Eleventh] Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens, … as well as state court actions against state governments." *Woods v. Rondout Valley Central School Dist. Bd. Of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal citations omitted). "While Congress may abrogate the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment, … as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity." *Id.* (internal citations omitted).

Defendant Nassau County District Court is an arm of the State of New York and enjoys the same Eleventh Amendment protections as the State itself. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court System is unquestionably an arm of the State … and is entitled to Eleventh Amendment sovereign immunity.") (internal quotations omitted). Neither of the State Defendants have consented to be sued by Piscitello in this Court. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims against the State Defendants, and those claims are dismissed with prejudice.[7]

### C. Plaintiff's Claims against the Sheriff's Department

---

[7] Plaintiff did not name as a defendant Judge Bjorneby, the Nassau County District Court judge who issued and ultimately vacated the eviction warrant in the Piscitello Eviction Action. Even if she had, the result would be the same, as Judge Bjorneby is immune from suit for actions taken in his official capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages … [and] is not overcome by allegations of bad faith or malice…") (internal citations omitted).

Plaintiff alleges that the Sheriff's Department conducted the eviction in violation of Judge Brown's May 14, 2014 order to "stay any eviction," and with "prior knowledge [that the] warrant was issued by fraudulent petition…" (Compl. ¶ 45). Plaintiff misapprehends Judge Brown's May 14, 2014 order, as it stayed the Thomas Eviction Action pending the resolution of the Constructive Trust Action, but did not address the Piscitello Eviction Action, which defendant John initiated on the same day that Judge Brown issued the stay order. In any event, the Sheriff's Department is not responsible for reviewing the petition papers and would have conducted the eviction solely pursuant to Judge Bjorneby's warrant of eviction, which is a facially valid court order that the Sheriff's Department was entitled to rely upon and obligated to enforce.

"Courts have held that an officer with the sheriff's department … perform[s] … a function to which absolute immunity attaches, when acting pursuant to a court order that he is required to execute." *Dudek v. Nassau County Sheriff's Dept.*, 991 F. Supp. 2d 402, 415 (E.D.N.Y. 2013) (collecting cases). Given that the Sheriff's Department was acting pursuant to a court order that it was required to execute when it evicted Plaintiff from the Property's first floor, it is entitled to absolute immunity. Accordingly, Plaintiff's claims against the Sheriff's Department are dismissed with prejudice.

### D. Plaintiff's Claims against the Private Defendants [8]

#### 1. Fraud

"Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4)

---

[8] Defendant Weiss has not filed a motion to dismiss and defendant John has not even appeared in the action, but the arguments raised in the other defendants' motion papers are applicable and it is apparent that Plaintiff lacks any viable claims against either Weiss or John over which this Court would have subject matter jurisdiction.

justifiable reliance by the plaintiff, and (5) damages." *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 170 (2d Cir. 2015) (citing *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009)). In order to state a fraud claim that withstands a motion to dismiss, a plaintiff "must state with particularity the circumstances constituting fraud…" Fed. R. Civ. P. 9(b). In order to satisfy this heightened pleading standard, a complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Loreley Financing*, 797 F.3d at 171.

Plaintiff does not allege that defendant TD Bank made any misrepresentation(s) or omission(s) whatsoever, let alone any misrepresentation(s) or omission(s) that Plaintiff relied upon to her detriment. Plaintiff's inclusion of TD Bank as a defendant appears to be premised solely upon the fact that TD Bank extended a home equity loan to John that was secured by the Property. Although Plaintiff appears to allege that John procured this loan by misrepresenting his ownership of the Property in his loan application documents, that would not make TD Bank liable to Plaintiff. To the extent that the complaint can be read to contain a claim that TD Bank aided and abetted fraud upon Plaintiff by extending the home equity loan to John (*see, e.g.*, Compl. ¶¶ 16, 18, 54, 84, 85), Plaintiff has not alleged that TD Bank knew about any fraud or "provided substantial assistance to advance the fraud's commission," both of which are required to avoid dismissal of an aiding and abetting claim. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006). As there is no connection between the home equity loan and Plaintiff's eviction, Plaintiff's claims against TD Bank sounding in fraud and aiding and abetting fraud are dismissed with prejudice.

As to defendants John, BHPPF, and Weiss, Plaintiff does not allege that any of these defendants made any misrepresentations to Plaintiff, and even assuming that any statements that John, BHPPF, and/or Weiss made in the course of litigation were not privileged, nowhere does Plaintiff allege that she relied on them to her detriment. Accordingly, Plaintiff's fraud claims against defendants John, BHPPF, and Weiss are dismissed with prejudice.

### 2. Negligence

Plaintiff appears to allege that, in light of the pending Constructive Trust Action, TD Bank was negligent in extending a home equity loan to John. (*See* Compl. ¶¶ 16-18, 60). "To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Lerner*, 459 F.3d at 286 (quoting *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)). Plaintiff does not allege that she was TD Bank's customer or offer any other basis upon which TD Bank might owe her a duty. *See id.* at 286 ("[B]anks do not owe non-customers a duty to protect them from the intentional torts of their customers."); *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 431 Fed. App'x 17, 20 (2d Cir. 2011) ("Banks generally do not owe non-customers a duty to protect them from fraud perpetrated by customers."). Plaintiff also does not allege that TD Bank's provision of a home equity loan to John caused her to be evicted or injured her in any other way. Accordingly, Plaintiff's negligence claim against TD Bank is dismissed with prejudice.

### 3. RICO

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396, 408

11

(E.D.N.Y. 2013) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001)). In order to establish a violation of Section 1962, Plaintiff must show the existence of both (i) an "enterprise" and (ii) a "pattern of racketeering activity" as to each individual defendant. *See* 18 U.S.C. § 1962; *DeFalco*, 244 F.3d at 306.

### a. There is no RICO "enterprise."

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association-in-fact enterprise is a 'group of persons associated together for a common purpose of engaging in a course of conduct,' and is 'proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.'" *Hefferman v. HSBC Bank USA*, No. 99-cv-7981, 2001 WL 803719, at *5 (E.D.N.Y. March 29, 2001) (quoting *U.S. v. Turkette*, 452 U.S. 576, 583 (1981)). "The RICO enterprise must have a structure distinct from the pattern of racketeering activity in which its members engage." *Id.* (quoting *Turkette*, 452 U.S. at 583). "When applying *Turkette*, the Second Circuit has looked for evidence of the 'hierarchy, organization, and activities' of the enterprise, and whether its 'members functioned as a unit.'" *Id.* (quoting *U.S. v. Coonan*, 938 F.2d 1553, 1560-61 (2d Cir. 1991)).

A liberal reading of Plaintiff's complaint reveals that the defendants interacted with one another on limited occasions for limited purposes, or not at all. The complaint fails to allege the existence of an "ongoing organization" or a "continuing unit," stating only that TD Bank interacted with John for the sole purpose of extending a home equity loan. Transactions between a bank and its customer do not establish the existence of a RICO enterprise. *See, e.g., Hefferman*, 2001 WL 803719, at *6. Plaintiff's allegations are similarly lacking with regard to

John, Weiss, and BHPPF. Plaintiff alleges only that defendants Weiss and BHPPF represented John in the Constructive Trust Action and that Weiss represented John in the Thomas Eviction Action and the Piscitello Eviction Action; attorneys do not become part of a RICO enterprise or otherwise risk liability for aiding and abetting a RICO enterprise merely by providing legal representation. *See, e.g., Morin v. Trupin*, 835 F. Supp. 126, 132-36 (S.D.N.Y. 1993).

### b. There is no "pattern of racketeering activity."

"'Racketeering activity' is broadly defined to encompass a variety of state and federal offenses including, inter alia, murder, kidnapping, gambling, arson, robbery, bribery, and extortion." *DeFalco*, 244 F.3d at 306 (citing 18 U.S.C. § 1961(1)). "A 'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of [the RICO statute] and at least one of which occurred within ten years … after the commission of the prior act of racketeering activity." *Id.* (quoting 18 U.S.C. § 1961(5).

"The two predicate acts must be related and either amount to or pose a threat of continuing criminal activity." *Dolan*, 930 F. Supp. 2d at 408 (quoting *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008)). The "continuity requirement" can be satisfied by "demonstrating an 'open-ended' pattern of racketeering activity that poses a threat of continuing criminal conduct … or by showing a 'closed-ended' pattern – a series of related predicate acts extending over a substantial period of time." *Id.* (quoting *Spool*, 520 F.3d at 183). While courts weigh a number of factors in determining whether there is closed-ended continuity, the Second Circuit has held that predicate acts spanning fewer than two (2) years do not suffice. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004).

Plaintiff alleges that she moved into the first floor of the Property in September 2013. She alleges that between January and June 2014, defendants John, Weiss, and/or BHPPF made

false statements to the Nassau County Supreme Court and the Nassau County District Court in connection with the Constructive Trust Action, the Thomas Eviction Action, and/or the Piscitello Eviction Action, and that John misrepresented his ownership of the Property on his TD Bank loan application. Plaintiff was evicted on August 19, 2014, less than one (1) year after she moved into the first floor of the Property, fewer than eight (8) months after Thomas initiated the Constructive Trust Action, and just over three (3) months after John initiated the Piscitello Eviction Action. Even if the complaint alleged that each defendant committed at least two predicate acts, which it does not, this short time-frame is insufficient to establish closed-ended continuity, and Plaintiff does not allege any threat of continuing criminal conduct so as to establish open-ended continuity.

In sum, because Plaintiff has not established and cannot establish that the defendants are part of an enterprise or that they have engaged in a pattern of racketeering activity, her RICO claims are dismissed with prejudice.

### 4. Constitutional Claims

Plaintiff's complaint contains allegations that defendants violated and/or conspired to violate a host of her constitutional rights, including due process rights, "citizenship rights," "liberty of contract," and equal protection rights. (Compl. ¶¶ 1, 2, 6, 9, 20, 45, 52-56, 60, 68). Plaintiff raises these constitutional claims under 42 U.S.C. §§ 1983 and 1985. (*Id.* ¶¶ 20, 21, 60).

#### a. 42 U.S.C. § 1983

Title 42, Section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an

individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012). To state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Defendants TD Bank, John, Weiss, and BHPPF are all private actors to whom Section 1983 does not apply. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotations omitted). Nor does Plaintiff allege that any of these defendants was "a willful participant in a joint activity with the State or its agents." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "[I]n order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." *Nealy v. Berger*, No. 08-cv-1322, 2009 WL 704804, at *5 (E.D.N.Y. 2009) (internal quotations omitted). "A merely conclusory allegation that a private [actor] acted in concert with a state actor does not suffice to state a § 1983 conspiracy claim against the private [actor]." *Ciambriello*, 292 F.3d at 324.

Plaintiff offers nothing more than conclusory allegations of conspiratorial violations of her constitutional rights. The only state action taken against Plaintiff was that the Sheriff's

Department evicted her from the first floor of the Property pursuant to Judge Bjorneby's warrant after Plaintiff failed to appear for the eviction hearing and default judgment was entered against her. The fact that Judge Bjorneby granted Plaintiff's motion to vacate the default judgment against her belies any argument that private and state actors conspired to violate any of Plaintiff's constitutional rights. Accordingly, Plaintiff's Section 1983 claims are dismissed with prejudice.

### b. 42 U.S.C. § 1985

"Section 1985(3) prohibits conspiracies that are intended to deprive 'either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Gagliardi v. Village of Pawling*, 18 F.3d 188, 193-94 (2d Cir. 1994). In order to state a viable Section 1983 claim, "a plaintiff must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Plaintiff alleges that defendants were variously motivated by a desire "to obtain the property illegally" (Compl. ¶ 1), "profit" (*id.* ¶ 1), "illegal gains … [and] profit" (*id.* ¶ 16), "acquir[ing] ill-gotten gains … [and] cover[ing] up mortgage fraud (*id.* ¶ 18), "creat[ing] fees by defendants attorneys to protect probable real estate fraud" (*id.* ¶ 20), and "obstruct[ing] [justice in the] New York State Supreme Court case … [and] hid[ing] mortgage fraud" (*id.* ¶ 62). Plaintiff's complaint is devoid of any allegations that the alleged conspiracy was motivated by discriminatory animus against Plaintiff or any protected class. Accordingly, Plaintiff's Section 1985 claim is dismissed with prejudice.

### E. Plaintiff's Motions for Default Judgment

Plaintiff has filed three (3) separate motions for default judgment. (Dkt. 68, 69, 81). In light of the fact that Plaintiff's complaint is wholly without merit and all claims therein are being dismissed with prejudice, Plaintiff's motions for default judgment are denied. Similarly, defendant Weiss's motion to vacate the Clerk's certificate of default against him (Dkt. 74) is denied as moot.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety with prejudice as to all defendants, Plaintiff's motions for default judgment are denied, and defendant Weiss's motion to vacate the Clerk's certificate of default is denied as moot. The Clerk of the Court is directed to close this case.


**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge


Dated: April 18, 2016
 Central Islip, New York